Lutz v. Waybourn, Et Al.        Civil Action #018-cv-00341-WB

Request For Leave To File Discovery

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 5 2020

CLERK, U.S. DISTRICT COURT
By _____

Plaintiff Has Enclosed With This Filing An Exhibit Labeled "2020-Exhibit 1". I Was Requesting This Document To Recieve The Jail Time Credit On The Sentence. Copies Of The Requested Documents Are Already On File With This Court In The Cause.

It Is Important For This Court To Know That Of All The Cities I Have Registered With, Fort Worth Is The Only One I Have Seen That Provides A Document At The Time Of The Event. Nor Is There Any Reference To Such A Document In Art 62., The Registration Statute. In Fact, The Statute Is Vague, Ambiguous, As It Gives No Clear Information As To How, Exactly, The Validity Of A Registration Is To Occur.

When Plaintiff Fell And Realized He Was Paralyzed, He Contacted Fort Worth P.D. And Explained The Situation. They Responded By Sending 2 Officers To My Residence Within 48 Hours For Verification. As This Was A Once A Year, It Would Reason That The Duty Was Fulfilled For The Upcoming Year. The Statute Gives No Explanation Of Procedures To Be Taken And The Police Did Not Give Documentation As They Had Previously Done At Time Of Registration.

This Is Why Discovery Is Necessary. Forms Had To Be Filed Or Some Kind Of Report Made As The Police Were Obviously Dispatched On The Call. Plaintiff Followed Art. 62

Page 1 of 5

BLIND EYE TO LAW ENFORCEMENT OFFICER FABRICATING EVIDENCE, WHICH IS A COMMON TYPE OF PROSECUTORIAL MISCONDUCT. IN THIS INSTANCE IT CAUSED THE INDICTMENT FOR NOT REGISTERING WHEN PLAINTIFF HAD SUBMITTED POLICE DOCUMENT VALIDATING HIS REGISTRATION.

PLAINTIFF FURTHER CONTENDS THAT THE APPOINTMENT OF COUNSEL VIOLATED PROCEDURE SEE ART. 26.04 (a)(b) T.C.C.P., AND HERE AGAIN DISCOVERY IS NEEDED TO SEE IF "SYSTEM OF ROTATION" WAS INDEED USED OR NOT. BUT REGARDLESS, THE DEFENSE ATTORNEY WAS A PRINCIPLE IN THE FORMER ATTORNEYS FIRM, CREATING A CONFLICT OF INTEREST, AND SOMERSETT SHOULD HAVE WITHDRAWN.

JUDGE WOLF WAS INFORMED BY PLAINTIFF THAT HE SHOULD ASCERTAIN FROM THE RECORD THE ACTIONS OF STEARNS, AS SOME VIOLATED 14TH AMEND RIGHTS OF PLAINTIFF. WOLF TURNED TO SOMERSETT AND INQUIRED OF HER, IF THIS ACTION WAS APPEALABLE. AS BY HIS ACTIONS, AND BY CLERKS STATEMENT (SEE EXHIBIT 2020-1), THIS JUDGE MADE NO ATTEMPT TO HEED PLAINTIFFS WARNING. BOTH WOLF AND STEARNS NEED TO NAMED AS DEFENDANTS AND HELD LIABLE AS DO BOTH APPOINTED COUNSELS. PLAINTIFF HAD NO EFFECTIVE COUNSEL AND NONE OF THESE ACTIONS CAN STAND, HENCE THIS FEDERAL COURT ACTION.

AS STEARNS IS RETIRED AND NO LONGER IN THIS COURT, BY THE CLERK NOT HAVING ACCESS TO THESE POLICE RECORDS SHOWING INNOCENCE, PERHAPS HE FAILED TO INCLUDE THIS DOCUMENT IN THE RECORD. THE PROSECUTOR SHOULD BE SEEN AS "WATCHMAN OF THE LAW," WITH A ROLE OF PROVIDING AN OBJECTIVE PRESENTATION OF THE FACTS. THE SWORN DUTY OF A DEFENSE ATTORNEY IS TO STRIVE FOR THE BEST DEFENSE FOR CLIENTS. AS ALL PROCEDURE HAD LEFT THIS ACTION AT THIS POINT, THERE IS NO WAY ANY OPINION COULD COME FROM PROCEEDING, AND IT CANT STAND.

PAGE 3 OF 5

PER THE DIRECTIONS IT GAVE. IN FACT, THE DOCUMENT SHOWS THAT PLAINTIFF WAS ARRESTED WHILE STILL DULY REGISTERED FOR PREVIOUS YEAR. AS PLAINTIFF WAS ARRESTED WITHIN 60 DAYS AFTER THE VERIFICATION WAS DONE, SOME PROCEDURE WAS MISSED. AS THE PLAINTIFF SUFFERED IRREPARABLE DAMAGES, HENCE THIS ACTION.

PLAINTIFF RELIES ON TEXAS CRIMINAL AND TRAFFIC LAW MANUAL, 2018 EDITION, 85TH LEG. REG. SESSION. TITLE 2, CHAP 8 SEC. 8.03 (B) AFFIRMITIVE DEFENSE IF ACTOR REASONABLY BELIEVED CONDUCT DID NOT COMSTITUTE A CRIME. THE REASONABLE FACT BEING THAT P.D. HAD DONE THEIR VERIFICATION FOR THIS YEARLY EVENT AND NO MENTION WAS MADE THAT A FURTHER ACTION WAS NEEDED OR REQUIRED.

PLAINTIFF CONTENDS THAT A 6TH AMEND U.S.C.A VIOLATION OCCURRED WHEN COURT APPOINTED LAWYER JUMES, FAILED TO OBJECT TO STEARNS RULING HE WOULD WAIT ON MEDICAL REPORT INSTEAD OF ACKNOWLEGING A CURRENT POLICE DOCUMENT SHOWING INNOCENCE OF PLAINTIFF. FURTHER, THE STATES ATTORNEY IS BOUND MORE SO BY ART 2.01 T.C.C.P., "... SHALL NOT SUPPRESS FACTS ... CAPABLE OF ESTABLISHING INNOCENCE OF ACCUSED." AS A RESULT, PLAINTIFF IS FAIRLY SURE THE OUTCOME OF THIS HEARING WOULD HAVE BEEN DISMISSED AS NO PROBABLE CAUSE THAT CRIME WAS COMMITTED.

PLAINTIFF FURTHER CONTENDS THAT A BRADY VIOLATION OCCURRED (SEE BRADY V. MARYLAND, 373 U.S. 83) WHICH IS A CONTRAVENTION OF THE CONSTITUTIONAL RIGHT TO DUE PROCESS, AMEND 14 U.S.C.A. THAT INVOLVES A PROSECUTOR NOT DOING SOMETHING THAT HE IS SUPPOSED TO DO AND MAKE THESE VIOLATIONS PARTICULARLY LIKELY TO OCCUR. FAILURE TO ALERT THE COURT WHEN A STATES WITNESS IS LYING OR TURNING A

As Plaintiff has stated since Beginning this Action that when he was Released in 2010 on Parole, a Ms. Higgins, a Dallas Parole Psychologist who was Assigned to his case, informed Plaintiff since he had Never Admitted the crime (This was the Reason for the Federal actions over 40 years) if he would waive 5th Amend. Rights and submit to Polygraph, it would be Possible to Have "Some Sanctions Lifted," her Words.

Now the only sanction in my case was the Yearly Report and even it was Limited to Certain Info. However, I had witnessed other Inmates Locked up if they Failed these Polygraphs. Higgins submitted The Questions and I Passed 3 separate Polygraphs given in Dallas. I got off Parole a short Time after That and No Sanctions were Lifted to This date. Now, 10 years later, I am in Prison, Have Lost all my worldly Possessions, and am Crippled, all due to a Law That I never should Have Been under.

The Supreme Court Held it could Hardly Conceive of a States Action Bearing "More Stigmatizing Consequences" than Labeling a Person As a Sex offender. Vitek v. Jones 100 S. Ct. 1254; see Sandin 115 S.Ct at 300. Yet the Parole Board seems to Have not only Forgot this occurrence, but issued Plaintiff a 1 year set-off Based on Their "Records." Discovery is Called For Here to see what Records This State Agency could Possibly Have when the Records Presented to Court Showed Doubt That a Crime was even Committed.

Further, Plaintiff would Pray this Court to award the Jail Time on the Cause Number Referred to in The Exhibit as

Page 4 of 5

THE STATUTE IS AMBIGUOUS AND ONCE POLICE VERIFIED THE INFO, IT SHOULD CARRY OVER TO THE FOLLOWING YEAR. DUE TO THE CONSTITUTIONAL AND PROCEDURAL VIOLATIONS THAT OCCURRED IN STATE COURT, PLAINTIFF PRAYS THIS COURT TO GRANT DISCOVERY AND TO ORDER HIS IMMEDIATE RELEASE FROM FALSE IMPRISONMENT.

## UNSWORN DECLARATION

I CERTIFY UNDER PENALTY OF PERJURY THAT ALL CLAIMS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. THE INMATE TRUST FUND RECEIPT SHOWING 0' BALANCE REMAINS UNCHANGED AS I AM INDIGENT. SIGNED THIS 1ST DAY OF MARCH, 2020.

Joe Lutz
JOE LUTZ
PACK UNIT
2400 WALLACE PACK RD.
NAVASOTA, TX   77868

## CERTIFICATE OF SERVICE

A COPY OF THE ABOVE HAS BEEN FORWARDED TO CLERK OF 213TH COURT, TARRANT COUNTY VIA U.S. MAIL AT 401 W. BELKNAP, FORT WORTH 76102 ON MARCH 1, 2020.

Joe Lutz
JOE LUTZ

TFSTMT LOCATION: 1-03 UNIT: P1

MEDICAL CO-PAY OWED:

FEDERAL COURT FEE OWED: .00

TEXAS COURT FEE/CHARGE OWED: .00

NAME: LUTZ, JOSEPH LAWRENCE

DATE: 12/30/19

ACCOUNT NUMBER: 02246831

INDIGENT SUP. OWED: 16.58   OTHER HOLD AMOUNT .00   BEGINNING BALANCE: .00

| 12/19 | ITEM/DESCRIPTION | | | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|---|---|
| 04 | AB 000000 000055 | POSTAGE | | .00 | | .00 |
| 05 | AB 000000 000041 | POSTAGE | | .00 | | .00 |
| 11 | AB 000000 000055 | POSTAGE | | .00 | | .00 |
| 13 | AB 000000 000055 | POSTAGE | | .00 | | .00 |
| 16 | AP 1712160548 | | | | .55 | .55 |
| 16 | AB 000000 000055 | POSTAGE | | .00 | | .55 |
| 16 | AB 000000 000055 | POSTAGE | | .00 | | .55 |
| 16 | PP 000055 000000 | | | .55 | | .00 |
| 19 | AB 000000 000010 | POSTAGE | | .00 | | .00 |
| 23 | AB 000000 000055 | POSTAGE | | .00 | | .00 |

TRUST FUND ACCOUNTS ARE DEMAND ACCOUNTS. YOU WILL NOT EARN ANY INTEREST. YOU MAY WANT TO DEPOSIT EXCESS FUNDS IN A SAVINGS INSTITUTION OF YOUR CHOICE.

TO: THOMAS WILDER                                    1-22-20

    I REQUEST THE CAUSE NUMBER OF THE ACTION PRESIDED BY STEARNS, COUNSELED BY JONES WITH A 7 MONTH PLEA- THIS IS THE FLAT TIME THAT SHOULD BE ADDED TO THE TIME ON THIS SENTENCE THAT WILL MORE THAN LIKELY BE SET ASIDE.

    I ALSO REQUEST THE POLICE DOCUMENT CONCERNING MY REGISTRATION ALONG WITH A COPY OF MY INCARCERATION RECORDS FROM THIS COUNTY - BOTH THESE SHOULD BE AVAILABLE UNDER THE INFORMATION ACT.

    I HAVE NAMED BOB WOLFE AS RESPONDENT ON MY CLAIM IN 2ND COURT OF APPEALS AS I CAUTIONED HIM THAT THERE WERE CONSTITUTIONAL ISSUES WHICH STEARNS CREATED IN THIS CASE. HE CHOSE THE COUNSEL I HAD, APPOINTED CONTRARY TO PROCEDURE BY STEARNS TO TELL HIM IF CONVICTION WAS APPEALABLE.

    PLEASE FORWARD THIS INFO ASAP SO THE APPEAL CAN MOVE FORTHWITH. I WILL ALSO BE REQUESTING THE ATTY GEN's OFFICE TO ADDRESS THE TIME CREDIT

                                        THANKS,
                                        Joe Lutz
                                        JOE LUTZ
                                        #2246831
                                        2400 WALLACE PACK RD
                                        NAVASOTA, TX    77868

Case # 1451400
with Judge Stearns.

For Police document
please contact the
Police Department
regarding your
registration. =Thanks!

REC'D 2-1-20 FROM
COUNTY CLERK-WILDER

JOE LUTZ *22460851
PROD UNIT
2400 WALLACE PACK RD
NAVASOTA TX 77868

LEGAL MAIL

03 MAR 2020 PM 2 L    NORTH HOUSTON TX 773

FOREVER USA

LEGAL MAIL

UNITED STATES DISTRICT COURT
501 W 10TH ST   RM 310
FORT WORTH TX   76102

76102-975999

Legal Mail

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION