IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TO THE HONORABLE MARK PITTMAN         Re #4:18-CV-00341-P

Motion To Substitute Magistrates Judge
In This Action And Re-open

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 11 2020
CLERK, U.S. DISTRICT COURT
By _____ Deputy

Comes Now, Joe Lutz, Plaintiff in this Cause and would show the following;

Plaintiff entered this Court while still appearing in State Court to have step by step proof of my allegations. First, the State Court Judge ignored a current signed, dated Fort Worth Police document establishing Plaintiffs innocence, presented in open Court by Plaintiffs Court apptd. counsel. State Judge ignored this document of proof and erred in his decision to wait on medical, which was immaterial to case at hand, a violation of Plaintiffs 14th Amend Due Process.

As this document was presented to Judge in open Court, where it becomes part of record, the Supreme Court, in Brady v. Maryland, 373 U.S. 83, held that suppression by prosecution of evidence favorable to accused, violates Due Process, 14th Amend., when material either to Guilt or Punishment. The State Court should have dismissed for lack of probable cause at the onset.

To further compound this case, the State Court, after my dismissal at first appearance of attorney, filing a grievance on him and Judge with Bar Association and Judicial Conduct Commission, the State Court appointed my former attorneys employer to my case. Art 26.04(A) T.C.C.P. states Court shall (emphasis added) appoint an attorney from

Page 1 of 5

"A LIST USING A SYSTEM OF ROTATION... SHALL APPOINT FROM NEXT 5 NAMES ON APPOINTMENT LIST OR MAKE A FINDING OF GOOD CAUSE TO APPOINT OUT OF ORDER."

PLAINTIFF HAS REQUESTED SUBPOENAS TO REQUEST DISCOVERY FROM THIS COURT TO NO AVAIL. ART. 26.04 T.C.C.P., CONTINUES TO STATE "AN ATTORNEY APPOINTED DOES NOT ACCEPT A CASE THAT INVOLVES A CONFLICT OF INTEREST". AS A PRINCIPAL IN THE FIRM OF MY FORMER ATTORNEY, THE CONFLICT IS APPARENT. HENCE, THIS BECOMES A 6TH AMEND. DEPRIVATION OF ADEQUATE COUNSEL VIOLATION. ART. 26.04(b)(5) T.C.C.P., STATES THAT APPOINTED ATTORNEY SHALL PERFORM ATTORNEYS DUTY OWED TO DEFENDANT IN ACCORDANCE WITH ADOPTED PROCEDURES.

PLAINTIFF REQUESTED OF THIS COURT TO CONTACT THE DEPT OF JUSTICE ON HIS BEHALF AS THIS FEDERAL AGENCY NEVER ACKNOWLEDGED PLAINTIFFS MORE THAN 20 PAGES OF COMPLAINTS HE SUBMITTED ONLINE IN THEIR WEBPAGE AS WELL AS NUMEROUS PHONE CALLS THAT WERE UNANSWERED. WHEN FORT WORTH POLICE CAME AND VERIFIED MY INFO, WHY DID THEY NOT ISSUE ANOTHER DOCUMENT, VALID UNTIL THE FOLLOWING YEAR, LIKE THE EXHIBIT PLAINTIFF ENTERED IN THIS CAUSE. IF DOJ HAD AN ADDRESS ON THE PLAINTIFF IN FORT WORTH, THAT PROVES PLAINTIFFS INNOCENCE, AS HE HAD JUST MOVED FROM SAGINAW.

THE STATE COURT SHOULD HAVE REALIZED (OR THE PROSECUTION) THAT THERE WAS A DOCUMENT DATED SHOWING PLAINTIFF WAS TRULY REGISTERED AT TIME OF ARREST, AFTER ALL, POLICE VERIFIED INFO FOR ANOTHER YEAR. THAT WOULD MEAN THAT THEY SWORE FALSELY TO OBTAIN AN INDICTMENT. PLAINTIFF HAS REQUESTED THE APPOINTMENT OF COUNSEL NUMEROUS TIMES SINCE FILING IN THIS COURT.

PAGE 2 OF 5

• The State Court incarcerated Petitioner who was a pre-trial detainee, afforded more protection than convicted prisoners and courts have held cannot be punished. See Bell v. Wolfish, 99 S.Ct. 1861, yet another 14th Amend. Due Process violation.

At minimum, Due Process requires an opportunity to have claims heard in a meaningful manner. U.S.C.A. Amend 14. Now we come to the claim against the Texas Board of Paroles. Over ten years ago, when Petitioner was released on MIS Release and Reporting at the South Oak Cliff Parole Office, I was placed under a Ms. Higgins, a psychiatrist in Paroles employ.

• Higgins informed me that as I had never admitted guilt in my only past offense, I would be required, by the Board, to submit to a polygraph exam. The material to be covered by said exam was made up by Higgins and Parole Board. The exam was given at an office on I-35-N in Fort Worth. (more on this in discovery) For my participation in this exam and waiving my 5th Amend right to self incrimination, Higgins stated that upon passing this exam, some sanctions may be lifted. The only sanction I had was the annual registration.

• Petitioner passed not only one, but three separate polygraph exams all indicating truthfulness and no involvement at all concerning allegations - and the Texas Parole Board did nothing, other than I would assume, pay for the exams with taxpayer funds. The Board did not even do the very least by notifying my reporting agency, the Saginaw Police Dept. of this finding, in case an event which

Page 3 of 5

has just transpired, should occur. As a result of the Boards inaction, I have lost house, vehicles, boat, tools, and all possessions, adhering to a statute I should not have been forced to live under.

Now discovery is needed to name these Board members who, along with Higgins, are potentially liable in personal capacity for Plaintiffs losses. The Supreme in Paul v. Davis, 424 U.S. 693, held that Government publication of information it knows is false, known as "Stigma Plus Doctrine" leads to deprivation of tangible interests such as housing and employment.

These executive officers had time to deliberate their actions or inactions, which shock the conscience, as they acted with a purpose to cause harm, which, in fact, it has caused harm in loss of liberty and property to Plaintiff. The Supreme Court held "we can hardly conceive of a states' action bearing 'more stigmatizing consequences' than labeling an inmate as a sex offender." Vitek v. Jones, 100 S. Ct. 1254. This classification is the type of incident that created a protected liberty interest.

Now Parole Board has denied my parole and given me a year set-off. Plaintiff has over 140% of sentence done but parole is applying statutes I have proved, forced to prove by Parole, that should never be applied in my case. These amount to additional Due Process violations, 14th Amend. Once again, Plaintiff requests appointment of counsel and to be allowed to proceed with discovery to bring to light the numerous constitutional violations he has and still is being subjected to.

Page 4 of 5

Plaintiff has been and is still in transit within the Texas prison system. As a result, Plaintiff has not had postage to send in timely motions to this court. I have been on this transfer facility over 30 days and received mailing supplies in the past week. Prior, I have been moved to 3 or 4 other units.

Numerous constitution violations have been alleged and will be proven upon adequate discovery. Plaintiff has lost everything and it took 3-4 months to pay for filing of this action. This cause is about justice and should concern this court as the state court has violated procedure. The DOJ needs to investigate. State parole condition cannot be altered retrospectively. U.S. v. Paskow, 112 F.3d 873, U.S. C.A. Amend 14; Various Am. Tex. Const. Art/ 5/6, 17, 19.

Plaintiff prays court to keep this cause open and grant discovery and appoint counsel.

Respectfully submitted,
Joe Lutz  Pro Se
Joe Lutz
Garza East
4304 Hwy 202
Beeville, TX  78102

## Certificate of Service

A copy of this motion will be placed in U.S. mail this week or 5-03-20 to 400 W Belknap, Fort Worth, TX.

Joe Lutz

Page 5 of 5

JOE LUTZ #2246831
GARZA EAST
4304 HWY 202
BEEVILLE, TX 78102

Legal MAIL

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
07 MAY 2020 PM 1 L

Legal MAIL

United States District Court
501 W. Tenth St. Rm 310
Fort Worth, TX 76102

78102-975699