ORIGINAL
CTJ

IN THE 5TH CIRCUIT COURT OF APPEALS

LUTZ V. WAYBOURN, ET AL                CAUSE # 4:18-CV-341

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 6 2020
CLERK, U.S. DISTRICT COURT
By_____ Deputy

RECEIVED
JUL 06 2020
FIFTH CIRCUIT

COMES NOW, JOE LUTZ, PLAINTIFF, PRO SE, IN THE ABOVE NUMBERED ACTION AND WOULD FILE THIS APPEAL OF THE DISMISSAL OF THIS ACTION, WITH PREJUDICE, BY THE MAGISTRATE JUDGE OF THE FORT WORTH DIVISION OF NORTHERN DISTRICT OF TEXAS COURT, FOR THE FOLLOWING REASONS;

THE 7TH AMEND U.S.C.A. GUARANTEES THE RIGHT TO A JURY TRIAL IN FEDERAL COURT CIVIL RIGHTS SUITS FOR MONEY DAMAGES AGAINST GOVERNMENT EMPLOYEES. IT IS PLAINTIFF'S CONCERN THAT THIS DISMISSAL MAY TIME BAR THIS ACTION ON CERTAIN LIABLE PARTIES.

EARLY ON, THE COURT ORDERED PLAINTIFF TO ARRANGE FOR A SETTLEMENT MEETING BETWEEN THE PARTIES. A ROOM WAS RENTED, BY PLAINTIFF, AND EACH PARTY WAS NOTIFIED OF THIS MEETING, THE DATE, TIME, AND THE PURPOSE. NO ONE OTHER THAN PLAINTIFF WAS IN ATTENDANCE. THE COURT MANAGER WAS CONTACTED AND PLAINTIFF WAS TOLD TO SUBMIT THIS FACT IN WRITING TO THE COURT, AND THAT WAS DONE.

A WEEK OR SO LATER, PLAINTIFF WAS INFORMED THAT THE PARTIES TO THE ACTION WERE NEVER SERVED WITH PROCESS AT THE ONSET OF THE CASE, WHEN IN FACT, PLAINTIFF WENT TO COURTHOUSE AND FURNISHED ALL INFORMATION TO THE COURT ON THE PARTIES, NAMES, ADDRESSES, ETC. IN ORDER FOR THE COURT TO AFFECT SUCH SERVICE, WHICH PLAINTIFF WAS ASSURED WOULD HAPPEN.

AS A RESULT, THE MANSFIELD JAIL, CLAIMS TIME BAR ON THIS ACTION (BY 3 DAYS) AND APPARENTLY JUDGE PITTMAN HAS AGREED. PLAINTIFF CONTENDS TO THIS COURT, THAT THE NOTICE GIVEN ABOUT THE SETTLEMENT CONFERENCE, SHOULD SUFFICE AS IT WAS

PAGE 1 OF 3

NOT PLAINTIFF FAULT OF SERVICE, BUT THE COURTS OVERSIGHT.

FURTHER, PLAINTIFF WAS BARRED FROM ENTERING PLEADINGS, REQUESTING DISCOVERY, OR OBTAINING A COPY OF EXHIBITS HE HAD ENTERED INTO THIS ACTION. PLAINTIFF HAS REQUESTED APPOINTMENT OF COUNSEL TO AID JUST IN THE DISCOVERY PROCESS, AS MOST OF THE ISSUES ARE COMPLICATED LEGAL, EVEN FOR AN ATTORNEY.

THE COURT HAS FOUND DEFICIENCIES THAT, NOT BEING AN ATTORNEY, DO NOT APPLY, SUCH AS "NOT ADMITTED TO PRACTICE IN THIS DISTRICT." (1) (5) DOCUMENT IDENTIFICATION - EACH WAS LABELED AND NUMBERED. PLAINTIFF PUT THIS CASE IN FEDERAL COURT TO WITNESS THE UNCONSTITUTIONAL ACTIONS OF STATE COURT, WHICH ARE LISTED IN THE RECORD.

PLAINTIFF HAS BROUGHT ACTION IN COURT ON PRIOR OCCASIONS ON SOME OF SAME ISSUES. APPOINTMENT OF COUNSEL WAS REQUESTED - TO NO AVAIL. CURRENTLY, THE STATE IS VIOLATING THE EX POST FACTO CLAUSE, U.S. CONST. ART I, §/S 9 (SEE MOTION "ILLEGAL CONFINEMENT," FILED IN FORT WORTH COURT IN MAY, 2020.) PLAINTIFF REACHED 140% OF HIS SENTENCE LEGAL 04/20/20. THE CURRENT "HANDBOOK FOR STATE COUNSEL FOR OFFENDER", §/S 73, TITLED "MANDATORY SUPERVISION" STATES THE MANDATORY SUPERVISION DATE IS REACHED WHEN THE ACCUMULATION OF FLAT TIME SERVED AND GOOD TIME CREDITS EARNED --- EQUAL 100% OF SENTENCE, EFFECTIVE SEPT 1, 1987, THE LAW PETITIONER IS UNDER.

THE REGISTRATION STATUTE, ART. 62, T.C.C.P., IS A COLLATERAL CONSEQUENCE OF THIS 1982 CONVICTION - 1979 OFFENSE DATE. IN 2010, THE PAROLE BOARD, THRU A THERAPIST, UNDER AN AGREEMENT TO LIFT SOME SANCTIONS, CONVINCED (REQUIRED) PLAINTIFF TO RELINQUISH HIS 5TH AMEND. RIGHT TO SELF-INCRIMINATION, SUBMITTED TO STATE FURNISHED POLYGRAPH EXAMINATIONS, OF WHICH PLAINTIFF PASSED 3 SEPARATE TESTS INDICATING HIS INNOCENCE OF SAID

1982 REPORTABLE CONVICTION. AS A RESULT, THE PAROLE BOARD DID NOTHING, NOT EVEN THE MINIMUM ACT OF REPORTING TO THE SAGINAW, TEXAS P.D. WHERE PETITIONER WAS RESIDING, OF THESE RESULTS. REGISTRATION WAS THE ONLY "SANCTION" PLAINTIFF HAD.

PRESENTLY, THE PAROLE BOARD HAS PLAINTIFF DENIED OF HIS MANDATORY RELEASE BY A TREATMENT PROGRAM THAT IS FOR PERSONS WITH OFFENSES PLAINTIFF HAS SHOWN THE BOARD HE IS INNOCENT OF, AS THIS WAS ENACTED/APPLIED RETROACTIVELY, HENCE IT VIOLATES EX POST FACTO CLAUSE. SEE U.S. v. PARLOW, 11F-3D 873

PLAINTIFF RECEIVED A 1YR. SET OFF BY THE PAROLE BOARD ON A SENTENCE HE SHOULD NEVER HAVE BEEN PLACED UNDER. SEE GREENHOLZ, 442 U.S. AT 13, CONCERNING INACCURATE INFO IN PAROLE FILES. SEE ALSO, 121 F.3D 699. THE SUPREME COURT HELD IN WEAVER v. GRAHAM, 101 S.Q. 960 STATUTES THAT DICTATE LONGER PERIODS OF INCARCERATION AND POSTPONE PAROLE OR OTHER RELEASE VIOLATE ART. 1, $/s$ 9, CL.3 AND $/s$ 10 CL/ U.S. CONST.

PLAINTIFF IS 71 YEARS OF AGE, PARTIALLY PARALYZED, HAS LOST ALL HIS WORLDLY POSSESSIONS — HOME, VEHICLES, ETC. DUE TO NEGLECT/INDIFFERENCE OF STATE OFFICIALS AND CITY OFFICIALS WHO USE THE COLOR OF LAW TO WALK ON AN INDIVIDUALS CONSTITUTIONAL RIGHTS. THIS ACTION WAS NOT ONLY DISMISSED WITHOUT DUE PROCESS BEING SERVED, BUT SOME ISSUES WERE NOT EVEN ALLOWED TO BE BROUGHT OUT. PLAINTIFF PRAYS THIS COURT TO ALLOW THIS ACTION TO PROCEED.

RESPECTFULLY SUBMITTED,

Joe Lutz  PRO SE
JOE LUTZ
GARZA EAST
4304 HWY 202
BEEVILLE, TX 78102

PAGE 3 OF 3

JOE LUTZ #2246831
GARZA EAST
4304 HWY 202
BEEVILLE, TX 78102

Legal Mail

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
30 JUN 2020 PM 4 L

5TH CIRCUIT COURT OF APPEALS
FEDERAL BLDG
600 S. MAESTRI PLACE
NEW ORLEANS LA 70130

70130-341499

Legal Mail